IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ROBERT S. HELD, | ) |
| Plaintiff, | ) ) ) Case No. 1:25-cv-06508 |
| v. | ) ) Judge: Hon. Rebecca R. Pallmeyer |
| USAA FEDERAL SAVINGS BANK, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT USAA FEDERAL SAVINGS BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant USAA Federal Savings Bank ("USAA FSB"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Robert S. Held's ("Plaintiff") First Amended Complaint, states as follows:

### I. PARTIES

1. Plaintiff Robert S. Held ("Plaintiff'), is a resident of Flossmoor, Illinois, a senior citizen, and has been a member of USAA Federal Savings Bank since 1981.

**ANSWER:** **USAA FSB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's current residence and age, and therefore denies the allegations. Answering further, USAA FSB admits that Plaintiff is a member of USAA Federal Savings Bank, but denies any remaining allegations in this paragraph.**

2. Defendant USAA Federal Savings Bank is a financial institution incorporated in the State of Texas with its principal place of business at 10750 McDermott Freeway, San Antonio, Texas 78288. USAA is federally chartered, FDIC insured, supervised by the Office of the Comptroller of the Currency, and classified as a federal savings association.

1

**ANSWER: USAA FSB admits that it is a federally chartered savings association with its home office in Phoenix, Arizona, is headquartered in San Antonio, Texas, and is FDIC-insured. USAA FSB denies that the remaining allegations in this paragraph accurately characterize the corporate structure of USAA FSB's business, and refers Plaintiff to USAA FSB's Federal Rule of Civil Procedure 7.1 and Local Rule 3.2 Corporate Disclosure and Notification as to Affiliates, filed contemporaneously herewith. USAA FSB denies any remaining allegations contained in this paragraph.**

## II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., a federal statute.

**ANSWER: USAA FSB admits that Plaintiff's First Amended Complaint asserts violations of the Real Estate Settlement Procedures Act, which may invoke proper jurisdiction under 12 U.S.C. § 2605(e) and 28 U.S.C. § 1331.**

4. This Court has personal jurisdiction over Defendant as it conducts substantial business in Illinois.

**ANSWER: USAA FSB denies the allegations contained in this paragraph.**

5. Venue is proper in this District pursuant to 28 U.S.C. § 139l(b)(2) as the events giving rise to this action occurred in substantial part in this District.

**ANSWER: USAA FSB does not contest venue in this action. USAA FSB denies any remaining allegations contained in this paragraph.**

## III.   FACTUAL ALLEGATIONS

6. In or around January 2008, Plaintiff and his spouse, as mortgagors, obtained a home equity line of credit from Defendant in the original approximate principal amount of $289,000 (the

2

"Loan"). The Loan is secured by a mortgage on Plaintiff's residence located at 3142 Redwood Court, Flossmoor, Illinois 60422.

**ANSWER: USAA FSB admits that on or about December 1, 2007, a Home Equity Line of Credit Agreement was executed between Robert S. Held, Suzan G. Held, and USAA FSB. The Agreement contemplated a credit limit of $289,000 for the residence located at 3142 Redwood Ct, Flossmoor, IL 60422. USAA FSB denies any remaining allegations contained in this paragraph.**

7. The Loan constitutes a "federally related mortgage loan" within the meaning of 12 U.S.C. § 2602(1) and is subject to the provisions of the Real Estate Settlement Procedures Act "RESPA").

**ANSWER: USAA FSB states that the allegations set forth in this paragraph contain legal conclusions to which no answer is required. To the extent an answer is required, USAA FSB denies each and every allegation in this paragraph.**

8. Defendant is a "servicer" of the Loan within the meaning of 12 U.S.C. § 2602(5) and is therefore subject to the servicing requirements of RESPA.

**ANSWER: USAA FSB denies that 12 U.S.C. § 2602(5) defines the term "servicer", and therefore denies the allegations contained in this paragraph on that basis. Answering further, USAA FSB denies the remaining allegations in this paragraph to the extent the allegations contain legal conclusions to which no answer is required.**

9. At all times relevant to this action, Plaintiff has made timely monthly interest payments on the Loan from 2008 to the present.

**ANSWER: USAA FSB denies the allegations contained in this paragraph.**

10. Beginning in 2023, Plaintiff began making payments by directing his local bank, Old Second National Bank ("Old Second"), to issue checks using Old Second's bill pay service for the monthly payments on the Loan. Old Second issued and mailed checks to Defendant at Plaintiff's direction.

**ANSWER: USAA FSB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's interactions with Old Second National Bank. Therefore, USAA FSB denies the allegations contained in this paragraph.**

11. On Defendant's monthly account statements sent to Plaintiff via U.S. mail, Defendant shows the account number and loan number as "2559" without any indication that this is a truncated or partial account number. The statements do not include preceding x's or any other indication that additional digits in the account number exist (other than 2559).

**ANSWER: USAA FSB admits that certain parts of certain Home Equity Line of Credit statements provided to Plaintiff identify the Account or Loan Number as "2559." USAA FSB denies any remaining allegations in this paragraph.**

12. Specifically, Defendant's statements show: "Account Number: 2559" and "LOAN NUMBER 2559" with no indication that these are incomplete account identifiers.

**ANSWER: USAA FSB admits that certain parts of certain Home Equity Line of Credit statements provided to Plaintiff identify the Account or Loan Number as "2559." USAA FSB denies any remaining allegations in this paragraph.**

13. Defendant's payment instructions on the statements direct Plaintiff to "Indicate loan number on check" when making payments (but without an alert that the account number is greater than four digits).

**ANSWER:  USAA FSB admits that Home Equity Line of Credit statements provided to Plaintiff direct Plaintiff to "Indicate loan number on check," among other additional instructions, when making payment by check. USAA FSB denies any remaining allegations in this paragraph.**

14. Following Defendant's instructions, Plaintiff directed Old Second to reference account number "2559" when issuing payment checks.

**ANSWER:  USAA FSB denies the allegations contained in this paragraph.**

15. Examples of payments made by Old Second in 2024 include checks dated January 12 ($1,819.16), March 6 ($1,689.32), April 22 ($1,744.49), May 28 ($1,802.63), June 27 ($1,744.49), July 23 ($1,802.63), August 26 ($3,605.26), and October 15 ($3,605.26).

**ANSWER:  At this time, USAA FSB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.**

16. On or about August 6, 2024, Defendant rejected a payment check from Old Second to USAA and returned it with a letter stating "CREDIT CARD PAYMENT COULD NOT BE PROCESSED" and indicating "We could not identify your credit card number or confirm your credit card account in order to apply payment. Your full credit card number is required." Neither Plaintiff nor Old Second has any credit card relationship with Defendant.

**ANSWER:  USAA FSB admits that Plaintiff maintains a Home Equity Line of Credit with USAA FSB, but not a credit card account at the relevant time. USAA FSB also admits that on August 6, 2024, it addressed a letter to Old Second Bank to notify the member that USAA FSB could not locate or identify the account for which payment should be allocated.**

**Subject to its affirmative defenses, USAA FSB denies the remaining allegations contained in this paragraph.**

17. Between August 15, 2024, and December 23, 2024, Plaintiff called Defendant approximately 56 times at 800-531-2265 attempting to resolve the payment processing issues and clarify why Defendant was rejecting properly submitted payments.

**ANSWER: At this time, USAA FSB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore denies the same. Answering further, to the extent that the allegations contained in this paragraph constitute a legal conclusion regarding liability, USAA FSB denies the allegations.**

18. Despite Plaintiff's attempts to resolve the matter through telephone calls, Defendant failed to explain the rejections and reported negative and inaccurate information about Plaintiff's account to consumer reporting agencies, indicating that Plaintiff's account was delinquent when payments had been timely submitted.

**ANSWER: USAA FSB denies the allegations contained in this paragraph.**

19. As a result of Defendant's credit reporting, Plaintiff was unable to secure essential services for his home, including gas service for heating, causing him significant hardship and distress during the cold winter months in northern Illinois.

**ANSWER: USAA FSB denies the allegations contained in this paragraph.**

### IV. QUALIFIED WRITTEN REQUEST

20. On September 13, 2024, at 1:48 p.m., Plaintiff sent a qualified written request to Defendant via email at executivecommunications@usaa.com (as directed by Defendant's representative) from his email address robertsheld@gmail.com.

6

**ANSWER:** **USAA FSB admits that on September 13, 2024, at 1:48 p.m. CT, Plaintiff sent an email to USAA FSB at executivecommunications@usaa.com from his email address robertsheld@gmail.com, but denies the remaining allegations contained in this paragraph.**

21. Plaintiff's September 13, 2024 communication included copies of the rejected check and Defendant's rejection letter, clearly identified Plaintiff's name and account, and requested that Defendant explain why payments were being rejected and correct the account processing issues.

**ANSWER:** **USAA FSB admits that the email included a copy of the returned check, but denies the remaining allegations contained in Paragraph.**

22. Plaintiff's communication enabled Defendant to identify Plaintiff's name and account and included a statement of the reasons for Plaintiff's belief that the account processing was in error, specifically that Defendant was wrongfully rejecting properly submitted payments while providing incomplete account number information on statements.

**ANSWER: USAA FSB admits that the email allowed USAA FSB to identify Plaintiff's name, but denies the remaining allegations contained in this paragraph.**

23. Plaintiff's September 13, 2024 communication constituted a "qualified written request" under 12 U.S.C. § 2605(e)(l)(B) as it was written correspondence that included information enabling Defendant to identify Plaintiff's name and account and included a statement of the reasons for Plaintiff's belief that the account processing was in error. Defendant did not respond to the September 13, 2024 communication from Plaintiff.

**ANSWER: USAA FSB denies the allegations contained in this paragraph.**

24. During the numerous telephone calls between August 15, 2024 and December 23, 2024, Plaintiff repeatedly informed Defendant that Defendant's records were inaccurate, and that

Defendant was providing incomplete information regarding account numbers. Thus, Plaintiff tried to explain that the statements were flat wrong with respect to the account number (because, as Plaintiff later learned, account numbers are more than four digits).

  **ANSWER:** **USAA FSB denies the allegations contained in this paragraph.**

25. Defendant failed to provide adequate written acknowledgment of Plaintiff's qualified written request within the time required by 12 U.S.C. § 2605(e)(2).

  **ANSWER:** **USAA FSB denies the allegations contained in this paragraph.**

26. Defendant failed to conduct an adequate investigation of Plaintiff's qualified written requests and failed to provide written explanations or corrections within the time required by 12 U.S.C. § 2605(e)(2).

  **ANSWER:** **USAA FSB denies the allegations contained in this paragraph.**

27. Despite receiving Plaintiff's qualified written requests, Defendant continued to report negative information about Plaintiff's account to consumer reporting agencies without first resolving the issues raised in Plaintiff's request.

  **ANSWER:** **USAA FSB denies the allegations contained in this paragraph.**

## V. DAMAGES

28. As a direct result of Defendant's RESPA violations, Plaintiff has suffered actual damages including:

  a. **Out of pocket expenses**. Costs incurred in making approximately 56 calls to Defendant's customer service line.

  b. **Postage and communication costs**. Expenses related to mailing and electronic communications attempting to resolve the account issues.

  c. **Service-denial costs**. Additional expenses incurred when essential gas service was denied due to Defendant's adverse credit reporting.

  d. **Time and inconvenience**. Substantial time spent attempting to resolve account issues.

      e.    **Emotional distress**. Significant anxiety, frustration, and mental anguish caused by Defendant's failure to properly process payments and resolve account issues resulting in no-gas service during the winter months.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

29. Plaintiff's emotional distress damages are concrete and particularized, including anxiety about losing essential home gas service, sleep disruption, and ongoing stress about the unresolved account issues despite timely payments.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

30. All of Plaintiff's damages directly flow from and were caused by Defendant's violations of RESPA, specifically Defendant's failure to respond adequately to a qualified written request and continued adverse credit reporting during the pendency of unresolved requests.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

## COUNT I
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT
## (12 U.S.C. § 2605(e))

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**ANSWER:** USAA FSB reasserts and restates each of its answers to Paragraphs 1-30 of the First Amended Complaint as though fully set forth herein.

32. Defendant is a "servicer" of Plaintiff's federally related mortgage loan within the meaning of 12 U.S.C. § 2602(5).

**ANSWER:** USAA FSB denies that 12 U.S.C. § 2602(5) defines the term "servicer", and therefore denies the allegations contained in this paragraph on that basis.

33. Plaintiff submitted a qualified written request to Defendant within the meaning of 12 U.S.C. § 2605(e)(l)(B).

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

34. Defendant violated 12 U.S.C. § 2605(e)(2) by failing to acknowledge Plaintiff's qualified written request within five business days of receipt.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

35. Defendant violated 12 U.S.C. § 2605(e)(2) by failing to take appropriate action with respect to Plaintiff's qualified written request within 30 business days of receipt.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

36. Defendant violated 12 U.S.C. § 2605(e)(2) by failing to conduct an adequate investigation of the issues raised in Plaintiff's qualified written request.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

37. Defendant violated 12 U.S.C. § 2605(e)(2) by failing to provide written explanations or corrections to the issues raised in Plaintiff's qualified written request within the time required by law.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

38. Defendant violated 12 U.S.C. § 2605(e)(3) by reporting information regarding Plaintiff's account to consumer reporting agencies during the 60-day period following receipt of Plaintiff's qualified written request relating to disputes regarding the account.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

39. As a direct result of Defendant's violations of RESPA, Plaintiff has suffered actual damages as set forth above.

**ANSWER:** USAA FSB denies the allegations contained in this paragraph.

**ANSWER:** USAA FSB denies all remaining allegations contained in the First Amended Complaint that are not expressly admitted in this Answer, including Plaintiff's "Prayer for Relief" section.

### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST DEFENSE
*(Failure to State a Claim)*

Plaintiff's First Amended Complaint fails to state a cause of action for violations of the Real Estate Settlement Procedures Act under 12 U.S.C. § 2605(e), including, but not limited to, Plaintiff's failure to submit a qualified written request, upon which this Court may grant relief.

#### SECOND DEFENSE
*(Superseding and Intervening Causes)*

The damages alleged by Plaintiff may have been the result of other superseding and/or intervening causes, for which USAA FSB is not responsible.

#### THIRD DEFENSE
*(Acts of Third Parties)*

USAA FSB denies that Plaintiff has suffered any alleged damages or injuries due to conduct by the Defendant, and thus states that any damages alleged in the First Amended Complaint, to the extent any exist, were caused in whole or in part by Plaintiff's own actions and/or the acts or omissions of third parties over which USAA FSB has neither responsibility nor control.

#### FOURTH DEFENSE
*(Mitigation, Unclean Hands, Waiver, and Equitable Limitations)*

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, failure to mitigate, estoppel, and/or unclean hands, and to the extent Plaintiff invited or contributed to the alleged harm he now complains of.

## FIFTH DEFENSE
*(No Actual Damages)*

Plaintiff has not suffered any "actual damages" as required to state a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.

## SIXTH DEFENSE
*(Good Faith)*

Plaintiff's claims under the Real Estate Settlement Procedures Act are barred or limited because USAA FSB acted in good faith and in conformity with all rules, regulations, and interpretations of the Act.

## SEVENTH DEFENSE
(*Contributory Negligence*)

The Complaint is barred, in whole or in part, by the doctrines of contributory or comparative negligence of Plaintiff, including events giving rise to the underlying claim and because Plaintiff could have taken actions to mitigate his alleged damages but failed to do so.

## RESERVATION OF RIGHTS

USAA FSB reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations in the litigation.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, USAA FSB respectfully requests that the Court:

1. Deny that Plaintiff is entitled to any relief whatsoever;

2. Dismiss the First Amended Complaint with prejudice and enter judgment in favor of USAA FSB;

3. Award USAA FSB its attorneys' fees and costs incurred in defense of this action; and

4. Award USAA FSB such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

USAA FSB demands a trial by jury on all claims and issues so triable on Plaintiff's First Amended Complaint.

Dated: August 6, 2025							Respectfully submitted,

*/s/ Ruddy S. Abam*
Ruddy S. Abam (ARDC #6335470)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: 312.212.4949
Email: rabam@beneschlaw.com

David M. Krueger (Ohio #0085072)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Email: dkrueger@beneschlaw.com

*Attorneys for Defendant USAA Federal Savings Bank*

**CERTIFICATE OF SERVICE**

The foregoing document was electronically delivered on August 6, 2025, to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

☒ ECF
☐ U.S. Mail
☐ E-Mail
☐ Messenger Delivery

TO:

Robert S. Held
3142 Redwood Court
Flossmoor, Illinois 60422-2267
robertsheld@gmail.com
rheld@heldlawoffices.com

*/s/ Ruddy S. Abam*

27351926